F I L E D
CLERK OF COURT

2025 AUG 22 PM 3: 09

SUPERIOR COURT
OF GUAM

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM,<br><br>                               Plaintiff,<br><br>        vs.<br><br>ERIC MATTHEW CRUZ,<br><br>                               Defendants. | Criminal Case No. CF0650-24<br><br>**DECISION AND ORDER TO SEVER CHARGES FOR TRIAL** |

## INTRODUCTION

This matter came before the Honorable John C. Terlaje on Defendant Eric Matthew Cruz's Motion to Sever Charges for Trial, filed August 15, 2025. Attorney Brycen Breazeale represents Defendant Eric Matthew Cruz, and Assistant Attorney General Christine S. Tenorio represents the People of Guam ("People"). The Court now issues the following order **GRANTING,** Defendant's Motion to Sever Charges for Trial.

## PROCEDURE

On August 15, 2025, Defendant filed his Motion to Sever Charges for Trial. The People of Guam filed its Opposition to the Motion on August 18, 2025. The Court has reviewed the documents and applicable law and finds that a reply brief from the Defendant is not necessary. The Court grants the Defendant's Motion based on the following analysis.

Decision and Order to Sever Charges for Trial
CF0650-24, *People of Guam v. Eric Matthew Cruz*
Page 1 of 5

## BACKGROUND

On October 4, 2024, the People filed an indictment against Defendant Eric Cruz regarding the alleged sexual abuse of victim, B.C. People's Indictment of Eric Cruz. Trial was set to move forward on August 27, 2025. On August 14, 2025, the People filed a Superseding Indictment that included charges based on the alleged sexual abuse of a second victim, C.C. Superseding Indictment. The People assert that during an interview with victim B.C. on August 7, 2025, the People discovered for the first time that the Defendant allegedly committed sexual abuse against another minor, C.C., during an earlier period in time. People's Opposition to Defendant's Mot.; Defendant's Mot. to Sever Charges. The People then interviewed C.C. on August 12, 2025 to confirm the allegations. People's Opposition to Defendant's Mot. The alleged sexual misconduct against B.C. occurred between June 4, 2018 and June 3, 2019, while the alleged misconduct against C.C. occurred between 2012 and 2014. Defendant's Mot. to Sever Charges. There is at least a four-year gap between these two allegations with two separate victims. Although both charges are about Criminal Sexual Conduct offenses, the facts in B.C.'s case do not require or rely on C.C.'s testimony.

## RULINGS

Under Guam law, two or more offenses "may be charged in the same indictment if the offenses charged are of the same or similar character or based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan." 8 G.C.A. § 55.35(a) (1976). In the case at hand, the charges are not based on the same act or transaction, and they are not acts or transactions that are connected together or constitute

Decision and Order to Sever Charges for Trial
CF0650-24, *People of Guam v. Eric Matthew Cruz*
Page **2** of **5**

parts of a common scheme or plan. However, it appears that the charges are of the same or a similar character, despite taking place several years apart.

Though Guam law favors joinder of charges, *see* 8 G.C.A. § 65.30(a), the court "may order an election or separate trials of counts" where "it appears the defendant...is prejudiced by a joinder of offenses..." 8 G.C.A. § 65.35. Generally, charges should be severed when joining charges would endanger a criminal defendant's Fifth Amendment rights to a fair trial or the rights afforded to criminal defendants in the Guam Bill of Rights. 8 GCA § 65.35; *see* 48 U.S.C. § 1421b(u). To determine whether joining charges would endanger a defendant's rights, courts look to 1) the possibility of prejudice resulting from differences in the defenses a defendant might provide if the charges were severed, 2) whether a defendant would wish to testify regarding one charge, but not another, and 3) whether witness testimony would be admissible in each case if the charges were severed. *U.S. v. Lewis*, 787 F.2d 1318, 1321 (9th Cir. 1989); *U.S. v. Jordan*, 112 F.3d 14, 16 (1st Cir. 1997).

## I. Severance of the charges based on differences in defenses and Defendant's plans regarding testimony

The Defense argues that the Defendant would be prejudiced because of a difference in legal strategy applied to each alleged victim. However, Defendant failed to describe how such strategies would be different, and failed to specifically show how his decision to testify would be impacted by a joined case. The People argue that "Defendant's one sentence hypothetical assertion [that his privilege against self-incrimination would be compromised] is insufficient to prove the existence of prejudice." People's Opposition to Defendant's Mot. at 6. Despite the lack of detail in Defendant's assertion, the Court agrees that the Defendant could be prejudiced

Decision and Order to Sever Charges for Trial
CF0650-24, *People of Guam v. Eric Matthew Cruz*
Page **3** of **5**

in preparing a defense for both sets of allegations and in deciding whether to testify for both, either, or neither sets of allegations. The Court agrees that it is possible that, were Defendant to elect to testify, he may become confused or confuse the jury regarding the difference between the events and victims. The Court recognizes that the Defendant may not choose to testify regarding either alleged victim, as is his right, but believes it is prudent to sever the charges regardless. However, even if this were not the case, the Court would still choose to sever the charges based on the inadmissibility of testimony.

## II. Severance of the charges based on admissibility of evidence in both trials

The Court grants the Defendant's Motion to Sever Charges for Trial on the basis that evidence of C.C.'s abuse would not be admissible regarding B.C.'s allegations under Rule 403. As the Court stated in a prior order, C.C.'s testimony is inadmissible in a trial involving only the charges regarding B.C. Under GRE Rule 403 the probative value of C.C.'s testimony to prove allegations made by B.C. would be substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. Decision and Order on Mot. in Limine to Admit Evidence Under Rule 413 and Rule 404(b) at 4 (Aug. 21, 2025). Thus, if the joinder of the charges regarding sexual misconduct against C.C. and B.C. was allowed, testimony that would otherwise be inadmissible because of substantial unfair prejudice against Defendant would be admitted into trial. Therefore, to prevent unfair prejudice against Defendant, the charges must be severed.

Decision and Order to Sever Charges for Trial
CF0650-24, *People of Guam v. Eric Matthew Cruz*
Page **4** of **5**

# CONCLUSION AND ORDER

For the above reasons, the Court **GRANTS** the Defendant's Motion to Sever Charges and **ORDERS** that Charge One, and Charge Two Counts Three, Four and Five of the Superseding Indictment be separated into a separate trial from Charge 2 Counts One and Two of the Superseding Indictment.

SO ORDERED, this 22nd day of August 2025.

_____
HONORABLE JOHN C. TERLAJE
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:

AG, APO

Date: 8/22/25   Time: 3:13 pm

Antonio A Car
Deputy Clerk, Superior Court of Guam

Decision and Order to Sever Charges for Trial
CF0650-24, *People of Guam v. Eric Matthew Cruz*
Page 5 of 5